**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

O

Case No. SACV 10-1251 DOC (PJWx)                                    Date: October 19, 2011

Title: SAEMIE CORPORATION V. CODDINGTON JR., ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

|   Julie Barrera   | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                                    NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER GRANTING CORNELL'S MOTION TO BE RELIEVED AS COUNSEL OF RECORD FOR DEFENDANTS BOYD LEE CODDINGTON, JR., AND GENUINE BOYD'S, LLC.

Before the Court is a Motion to Be Relieved as Counsel of Record for Defendants ("Motion") filed by the Law Offices of Ross Cornell, APC ("Cornell") (Dkt. 23). The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15. After considering the moving papers, the Court GRANTS the Motion.

Because the Motion is GRANTED, the hearing originally scheduled for **October 24, 2011**, is removed from the Court's calendar.

I.    **Procedural Background**

On August 18, 2010, Plaintiff Saemie Corporation ("Plaintiff") filed a Complaint against Defendants Boyd Lee Coddington, Jr., and Genuine Boyd's, LLC ("Defendants"). (Dkt. 1). On September 30, 2010, Defendants filed an Answer and Counterclaims. (Dkt. 6).

The parties engaged in settlement conversations with a mediator from December 2010 through February 2011. (Dkts. 11, 19). However, when Defendant Boyd Lee Coddington, Jr., refused to appear at any future settlement conferences, the Court vacated the pending mandatory settlement

conference dates and the case proceeded. (Dkts. 19).

On September 21, 2011, Cornell filed the present Motion to Be Relieved as Counsel of Record for Defendants. Mot. (Dkt. 23). More than thirty days before Cornell filed the present Motion with this Court, Cornell also sent written notice of withdrawal and detailed the consequences of withdrawal to Defendants. *Id.* 2:5-11; 7:5-12. Neither Defendants nor Plaintiff oppose the present Motion. *Id.*

## II. Legal Standard

An attorney may withdraw as counsel only with leave of the court and with reasonable notice to all other parties. Local R. 83-2.9.2.1; *Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992). . The trial court has discretion in determining whether to grant counsel's motion for withdrawal. *Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir. 1982). The disruptive impact that counsel's withdrawal would have on the case can also be a consideration for the court. *Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999). However, the risk that substitute counsel will be difficult to obtain or that the client will be subject to a default judgment, does not justify denying a motion for withdrawal. *Portsmouth Redev. & Housing Auth. v. BMI Apartments Assocs.*, 851 F. Supp. 775, 786-87 (E.D. Va. 1994).

In deciding a motion to withdraw, courts have considered various factors, including the relevant professional rules of responsibility. *See Rusinow v. Kamara*, 920 F. Supp. 69, 71 (D.N.J. 1996) (considering why withdrawal was sought, prejudice that may be caused to other litigants, administration of justice, delay that may result and related state rules of professional conduct)*; Haines v. Liggett Group, Inc.,* 814 F. Supp. 414, 423 (D.N.J. 1993) (in denying counsel's request to withdraw, court considered equitable factors and held that state bar professional rules apply); *cf. Byrd v. Dist. of Columbia*, 271 F. Supp. 2d 174, 178 n.6 (D.D.C. 2003) (observing that courts may seek guidance from, but cannot base their decisions solely on, rules of professional responsibility in determining whether there is good cause to grant withdrawal for counsel).

Thus, the Court considers the California State Bar Rules of Profession Conduct 3-700(C)(1)(d), which provides for permissive withdrawal of counsel when the client engages in conduct that renders it unreasonably difficult for counsel to carry out employment effectively.

## III. Discussion

### A. Withdrawal Is Appropriate Due to Client Conduct that Rendered Effective Employment Unreasonably Difficult

Counsel may withdraw where the client engages in conduct that renders it unreasonably difficult for counsel to carry out employment effectively. Cal. R. Prof. Conduct 3-700(C)(1)(d)). Cornell avers that Defendants have "failed to cooperate, refused to communicate, rejected the attorney Cornell's advice, insisted on their own independent strategy to the exclusion of Cornell's direction,

refused to attend court-ordered appearances, refused to produce documents to Cornell for evaluation and possible disclosure under FRCP 26, refused to attend depositions duly noticed by the Plaintiff, [and] refused to respond to discovery duly served by the Plaintiff." Mot. 6:6-16.  The Court concludes that Defendant's failure to cooperate in discovery or to attend depositions is a classic example of client conduct that renders it unreasonably difficult for counsel to carry out employment effectively.

In addition, withdrawal is proper because Cornell sent adequate notice of intent to withdraw to all parties and there will not be undue prejudice as a result of granting this Motion.  Trial is set for March 13, 2012, which is almost six months from the date this Motion was filed.  (Dkt. 22).  Given that timeline, and given that Defendants have been aware of Cornell's intent to withdraw for approximately six months, Defendants will not suffer undue prejudice.  *See* Mot. 7:5-12.  Finally, the lack of prejudice is also shown by the lack of opposition to this Motion from either Defendants or Plaintiff.

Thus, the Court GRANTS Cornell's Motion.  Because the Court grants this Motion based on Defendants' conduct regarding discovery and depositions, it need not address Cornell's other bases for withdrawal.

### IV. Disposition

For the reasons stated above, Cornell's Motion is GRANTED.  Because the Motion is GRANTED, the hearing originally scheduled for **October 24, 2011**, is removed from the Court's calendar.

The Clerk shall serve this minute order on all parties to the action.